IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,                                    ORDER

        v.
                                                          13-cr-119-wmc
RICKY LANG,

                    Defendant.

On February 20, 2015, the court held a hearing and issued an order revoking the defendant's probation.  Now before the court is the government's Motion to Modify Conditions of Supervised Release to include a requirement that the defendant pay an additional sum of $13,772 in restitution to the U.S. Postal Service, representing the amount that his behavior while on probation cost the government.  (Dkt. #39).  Although the defendant has consented to imposition of this condition as a term of his supervised release, the court can find no statutory or other authority to do so.  Accordingly, the court will direct the government to supplement its motion.

The United States Supreme Court limits the imposition of restitution to the offense for which the defendant is convicted.  *Hughly v. United States*, 495 U.S. 411, 412 (1990).  Moreover, 18 U.S.C. § 3664(d)(5) states that absent discovery of additional losses caused by the offense of conviction, the final determination of the amount of restitution shall not take place more than 90 days after sentencing.  The Seventh Circuit has followed the limitation set in *Hughly*, concluding that a district court exceeded its statutory authority in ordering restitution greater than the damages of the crime of conviction, "even if the defendant agreed to the amount." *United States v. Braslawsky*, 951 F.2d 149, 150-51 (7th Cir. 1991).

Since the court's February 20 order revoking the defendant's probation did not convict him of another crime (dkt. #33), it would appear that his restitution obligation must remain tied to his original conviction, despite his agreement to pay the additional $13,772.

Absent filing a new criminal information or indictment, or by a new conviction, therefore, the government's laudable goal of holding Mr. Lang accountable for his apparent continued and flagrant fraud is by entry of a civil consent judgment rather than by stipulation of an additional restitution amount in the current criminal case.  The court will nevertheless provide the government the opportunity to supplement its motion with any legal authority supporting the relief requested, or to withdraw the motion.

Accordingly, IT IS ORDERED THAT the government shall respond to this order within fourteen (14) days as set forth above.

Entered this 28th day of May, 2015.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge